GULOTTA, Judge.
We are called upon to ascertain if a patient who is entitled to medicare can be exonerated from payment of that part of a hospital bill which medicare would have paid had the hospital been a participant under medicare.
The facts are that Mrs. Leonelle Adams was seriously injured in an automobile accident in Bay St. Louis, Mississippi. After receiving emergency treatment at a hospital in Mississippi, she was transferred to Algiers General Hospital. Her condition was described upon arrival as very serious requiring emergency surgery. She remained in the hospital for a period of 119 days resulting in a hospital bill for services in the amount of $4,790.60. The suit for that amount is directed against Mrs. Adams and Mrs. Audrey Necaise (the daughter of Mrs. Adams) who signed an agreement obligating herself to pay the amount of the bill. Attorneys’ fees, in addition, were initially sought from Mrs. Necaise in accordance with the terms of the agreement.
Defendants do not contest that services were not rendered or that the bill is exorbitant. However, they contend they are responsible only for that part of the bill totaling $1,056 which they would be required to pay were Algiers General Hospital a participating member of medicare. Supporting this contention, they argue that medicare benefits were not paid not because of the ineligibility of the patient, but because the hospital is not a participant in the program. Therefore, according to defendants, the hospital breached its duty in not advising them that medicare would not contribute to Mrs. Adams’ hospitalization.
The hospital, on the other hand, contends that Mrs. Adams arrived at Algiers General at 2:00 a. m.; and within a day or two thereafter, Mrs. Patricia Theriot, the hospital bookkeeper, advised Mrs. Necaise that medicare would probably not pay the bill. At that time, Mrs. Necaise assumed the obligation in writing. Furthermore, plaintiff argues that Mrs. Adams was hospitalized at Algiers General for the convenience of Mrs. Necaise, who resided only 10 blocks away. According to plaintiff, if defendants wanted to receive payments under medicare, it was their duty to make arrangements to have Mrs. Adams hospitalized at a participating facility. The jury did not agree with the hospital’s position and awarded it the amount for which defendants would have been responsible had Algiers General been a participating member of medicare, or the sum of $1,056. Plaintiff appeals.
We are here concerned with a question of law, i. e., what duty is imposed? The effect of the jury award results in a nonparticipating medicare hospital having a greater burden to inform the patient and family that it was not a participant (in medicare) than is required of the patient and family to inquire as to the patient’s eligibility for payment under medicare. In this, we find error. While the hospital owes the duty to those eligible for medicare benefits to disclose by appropriate means within a reasonable time its nonparticipating status, the patient also has the corresponding duty to make inquiry into his or her eligibility.
*909 The record, we believe, supports a conclusion that the hospital discharged its duty. The bookkeeper, Mrs. Theriot, testified that she told Mrs. Necaise within a day or two after Mrs. Adams arrived at the hospital that medicare would probably not cover the hospitalization. It is significant, in this respect, that Mrs. Necaise did not testify in these proceedings. Therefore, Mrs. Theriot’s testimony stands un-contradicted. It is also significant that signs were placed in prominent positions on the hospital walls near the front and rear entrance which read as follows: “This hospital is not participating in medicare.” Moreover, the record contains no evidence that the hospital concealed this information or made representations to the defendants upon which they might have relied to their detriment.
On the other hand, the record clearly shows that defendants failed to discharge ' the duty placed upon them. Although Mrs. Adams was hospitalized for a period of 119 days and was visited by her adult children including Mrs. Necaise, almost daily, requiring entrance to and exit from the hospital with the wall signs well in view, defendants made no inquiry and expressed no concern regarding medicare eligibility. Quite to the contrary, Mrs. Ne-caise guaranteed payment of the bill. Under the circumstances, defendants cannot be relieved of their responsibility for payment of the medical expenses incurred. We can find no merit, therefore, in the suggestion made by defendants that had they been properly informed, Mrs. Adams could have been moved from Algiers General to a participating hospital at the end of six or eight weeks at which time Mrs. Adams’ physician felt that she could be transferred without danger.
While it is difficult not to allow one’s sympathy in this case to affect our conclusion, nevertheless, services were rendered to Mrs. Adams about which no complaint was registered.
Because of our conclusion, it is unnecessary to consider the hospital’s complaint that it was denied the right to obtain a continuance to obtain evidence on the amount of the settlement received by Mrs. Adams as a result of the accident which, according to plaintiff, included the entire hospital bill.
While attorneys’ fees under the agreement were petitioned for against Mrs. Ne-caise, we note that the amount of the appeal (according to plaintiff’s brief) is directed against the inadequacy of the award for the hospital bill only, plus interest and costs.
Accordingly, the jury award and judgment is amended to increase the amount of the award in favor of Algiers General Hospital to the sum of $4,449.80.[1]
So amended, the judgment is affirmed. Costs to be paid by defendants-appellees.
Amended and affirmed.

. $4,970.60, the amount of the hospital bill, less $340.80 paid to the hospital under Part 8 of medicare which must be deducted from the total bill.